IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

        Plaintiff,                      No. CIV S-05-1171 FCD KJM P

    vs.

H. WEAVER, et al.,

        Defendants.           FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 28 U.S.C. § 1983. Defendants Weaver and Smith[1] have filed a motion in which they argue this action should be dismissed because plaintiff failed to exhaust administrative remedies with respect to his claims prior to filing suit.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2002). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at

---

[1] On May 3, 2006, the court determined, under 28 U.S.C. § 1915A(b), that service of process was appropriate for defendants Weaver and Smith, but not for the other named defendants.

1

1120.  If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice.  Id.

        The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).   California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendants bear the burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom. Alameida v. Wyatt, 540 U.S 810 (2003).

        Defendants present evidence indicating plaintiff filed a grievance regarding the matters at issue in this action but never completed the grievance process.  In his opposition, plaintiff admits that he has not proceeded through the "Director's Level" with respect to his grievance, with a lengthy discussion.  See Opp'n at 1-17.  As the Ninth Circuit has recognized, a prisoner's concession of failure to exhaust is a proper basis for dismissal.  Wyatt, 315 F.3d at 1119.  Moreover, a careful review of the opposition discloses plaintiff's failure to point to anything indicating that administrative remedies are no longer available to him.  Throughout plaintiff's opposition, plaintiff provides some details about his attempts to exhaust, and the grievance process itself.  Id.  But most of the information he provides either is confusing, or is not relevant to whether plaintiff has exhausted administrative remedies with respect to the claims presented in this action.

/////

In light of the record before the court, the court finds defendants have met their burden and thus will recommend that defendants' motion to dismiss be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The August 25, 2006 motion to dismiss filed by defendants Weaver and Smith be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 17, 2007.

U.S. MAGISTRATE JUDGE

---

1

dice1171.57